VICTOR A. VILAPLANA, CA Bar No. 58535
   vavilaplana@foley.com
MARSHALL J. HOGAN, CA Bar No. 286147
   mhogan@foley.com
FOLEY & LARDNER LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
P:  858.847.6700   F:  858.792.6773

JOHN A. SIMON (*Pro Hac Vice Pending*)
   jsimon@foley.com
FOLEY & LARDNER LLP
500 Woodward Avenue, Ste. 2700
Detroit, MI 48226-3489
P: 313.234.7100   F: 313.234.2800

Attorneys for Debtor Quantum Fuel Systems Technologies Worldwide, Inc., dba Quantum Technologies

**FILED & ENTERED**

**APR 04 2016**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte     DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| IN RE<br><br>QUANTUM FUEL SYSTEMS TECHNOLOGIES WORLDWIDE, INC., DBA QUANTUM TECHNOLOGIES,<br><br>DEBTOR. | CASE NO: 8:16-BK-11202-MW<br><br>CHAPTER 11<br><br>**ORDER AUTHORIZING THE DEBTOR TO HONOR PRE-PETITION WARRANTY OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS**<br><br>DATE:     APRIL 1, 2016<br>TIME:     9:00 A.M.<br>JUDGE:   HON. MARK S. WALLACE<br>CTRM:   6C<br>411 WEST FOURTH STREET<br>SANTA ANA, CA  92701 |

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing, but not directing, the Debtor to honor its pre-petition Warranty Obligations in the ordinary course of business, as set forth in greater detail in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

---

[1] Capitalized terms not defined herein shall have the meanings used in the Motion.

1

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest and a valid exercise of the Debtor's business judgment; and the Debtor having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and no objection to the Motion having been filed; and the Court having considered the Motion, and the Memorandum of Points and Authorities filed in support thereof, and the arguments of counsel and evidence proffered at the hearing on the Motion; after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtor is authorized, but not directed, to honor its pre-petition Warranty Obligations in the ordinary course of business.

3. Nothing herein shall change the nature or priority of the underlying Warranty Obligations.

4. Nothing contained in this Order shall be deemed to constitute an assumption or adoption of any executory contract or pre-petition or post-petition agreement between the Debtor and the holder of any Warranty Obligation, or to require the Debtor to perform any services authorized herein.

5. The authorization granted hereby to honor Warranty Obligations shall not create any obligation on the part of the Debtor or its officers, directors, attorneys, or agents to honor any particular Warranty Obligation, none of the foregoing persons shall have any liability on account of any decision by the Debtor not to honor a Warranty Obligation, and nothing contained in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect the Warranty Obligations to the extent they are not paid.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

7. Nothing in this Order shall be deemed either a grant of administrative priority expense status to, or authority to pay, any amounts that are disputed by the Debtor.

8. Nothing contained in this Order shall be construed as a waiver by the Debtor of its rights to contest any claim of a holder of a Warranty Obligation under applicable law.

9. Nothing in this Order shall prohibit the Debtor from seeking Court authority to increase the prepetition amounts authorized to be paid hereunder.

10. Bankruptcy Rule 6003(b) is satisfied because the relief described in this Order is necessary to avoid immediate and irreparable harm to the estate.

11. The stay imposed pursuant to Federal Rule of Bankruptcy Procedure 6004(h) is waived.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

IT IS SO ORDERED.

# # #

Date: April 4, 2016

Mark S. Wallace
United States Bankruptcy Judge